UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON ARMSTRONG,

                       Plaintiff,

                v.

DR. KEN JIN, M.D., and
DR. PAULA BOZER, M.D.,

                       Defendants.
_____

REPORT
and
RECOMMENDATION

18-CV-01380S(F)

APPEARANCES:         JASON ARMSTRONG, *Pro se*
                           16-B-1941
                           Wyoming Correctional Facility
                           Box 501
                           Attica, New York  14011-0501

                           LETITIA A. JAMES
                           ATTORNEY GENERAL, STATE OF NEW YORK
                           Attorney for Defendants
                           GEORGE MICHAEL ZIMMERMANN
                           Assistant Attorney General, of Counsel
                           Main Place Tower
                           Suite 300A
                           350 Main Street
                           Buffalo, New York  14202

## **JURISDICTION**

This case was referred to the undersigned by Honorable Lawrence J. Vilardo on August 27, 2019, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Defendants' motion to dismiss for failure to state a claim (Dkt. 15), filed July 16, 2019.

**BACKGROUND**

Plaintiff Jason Armstrong ("Plaintiff"), an inmate in the care and custody of New York Department of Corrections and Community Supervision ("DOCCS"), and proceeding *pro se*, commenced this civil rights action on November 30, 2018. Plaintiff alleges four claims against Defendants, DOCCS employees Ken Jin, M.D. ("Dr. Jin"), and Paula Bozer, M.D. ("Dr. Bozer") (together, "Defendants"). Plaintiff asserts four claims for relief pertaining to medical care Defendants allegedly provided or failed to provide to Plaintiff, while incarcerated, for Plaintiff's serious medical condition known as priapism.[1] Plaintiff's first three claims allege failure to provide Plaintiff with adequate medical care in violation of the Eighth Amendment and the fourth claim alleges a state common law claim for intentional infliction of emotional distress ("Fourth Claim").

On July 16, 2019, Defendants filed the instant motion (Dkt. 15) ("Defendants' motion"), seeking dismissal of the Fourth Claim pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), for failure to state a claim. Defendants' motion is supported by the attached Memorandum of Law in Support of Defendants' Partial Motion to Dismiss (Dkt. 15-1) ("Defendants' Memorandum"). On July 23, 2019, Plaintiff filed Plaintiff's Response to Defendants' Motion of Partial Motion to Dismiss (Dkt. 18) ("Plaintiff's Response"). Defendants did not file any papers in further support of their motion. Oral argument was deemed unnecessary.

Based on the following, Defendants' motion should be GRANTED and the Fourth Claim should be DISMISSED.

---

[1] "Priapism is a persistent and often painful erection of the penis." *Bell v. Gillani*, 2013 WL 5304188, at *6 n. 9 (N.D.N.Y. Sept. 19, 2013) (internal quotation marks omitted).

## **DISCUSSION**

  As stated, Defendants move pursuant to Rule 12(b)(6), to dismiss the Fourth Claim for intentional infliction of emotional distress for failing to state a claim for which relief can be granted.  In support of their motion, Defendants maintain that although New York common law recognize claims for intentional infliction of emotional distress, Defendants are DOCCS employees and, as such, cannot be sued under New York law.  Defendants' Memorandum at 4 (citing New York Correction Law § 24(1) (McKinney's 2011) ("N.Y. Corr. Law § 24__").  Specifically, N.Y. Corr. Law § 24(2) provides that any claim against any DOCCS officer or employee in his or her personal capacity for damages arising from any act which the employee performed or failed to perform within the scope of employment and in discharge of duties may only be maintained against the State of New York in New York's Court of Claims.  Defendants' Memorandum at 4-5.  Because Plaintiff's allegations against Defendants pertain to the medical treatment and care Defendants, as DOCCS employees, provided or failed to provide while acting within the scope of their duties, and Plaintiff makes no allegations against Defendants acting outside the scope of their duties, Plaintiff's intentional infliction of emotional distress claim may be brought only against the State of New York and only in New York's Court of Claims.  *Id.* at 5-6.  In opposition, Plaintiff relies on the fact that his Fourth Claim survived the court's screening for legally insufficient claims pursuant to 28 U.S.C. § 1915, with the court finding Plaintiff "has sufficiently alleged a medical condition that court result in significant injury or the unnecessary and wanton 'infliction' of pain if left untreated."  Plaintiff's Response at 3-4.  Accordingly, Plaintiff maintains Defendants' motion should be denied.

A complaint, to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678); *see Twombly*, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim to relief that is plausible on its face").  The complaint's factual allegations "must be enough to raise above the speculative level on the assumption that all the allegations in the complaint are true."  *Twombly*, 550 U.S. at 570.  *See Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (reviewing motion to dismiss under 12(b)(6), "accepting as true the factual allegations in the complaint and drawing all references in the plaintiff's favor").

The "plausibility standard" applicable to a Rule 12(b)(6) motion to dismiss "is guided by '[t]wo working principles.'"  *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citing *Twombly*, 550 U.S. at 544 (2007), and quoting *Iqbal*, 556 U.S. at 678).  "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Id.* at 72 (quoting *Iqbal*, 556 U.S. at 678).  "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679).  Unless the plaintiff pleads "enough facts to state a claim that is plausible on its face" so as to "nudge[ ] their claims across the line from conceivable to plausible, [the] complaint must be dismissed."  *Twombly,* 550 U.S. at 570.

Here, a careful review of the court's April 22, 2019 screening order (Dkt. 8) ("Screening Order"), establishes that the Complaint was found to have sufficiently alleged § 1983 claims based on violations of the Eighth Amendment, *i.e.*, deliberate indifference to a serious medical condition for which the failure to treat could result in further significant injury of the unnecessary and wanton infliction of pain.  Screening Order at 7.  The Screening Order, however, is devoid of any mention of Plaintiff's intentional infliction of emotional distress claim, Screening Order, *passim*, rendering disingenuous Plaintiff's argument that such claim, pleaded as Plaintiff's Fourth Claim, is immune from dismissal pursuant to Rule 12(b)(6).  Further, a plain reading of the Complaint establishes Plaintiff has failed to assert any allegations that Defendants acted other than in the course of their official duties with regard to providing or failing to provide treatment for Plaintiff's serious medical condition so as to find Defendants were not, at all times relative to this matter, acting within the official scope of their duties and, thus, outside the reach of N.Y. Corr. Law § 24.  *See Baker v. Coughlin*, 77 F.3d 12, 14-15 (2d Cir. 1996) (construing N.Y. Corr. Law § 24 as prohibiting civil action from being brought against DOCCS employees in their personal capacity for conduct undertaking within the scope of their employment, for which DOCCS employees are immune from

liability). Accordingly, Plaintiff has failed to state a claim against either Defendant for intentional infliction of emotion distress, requiring dismissal of Plaintiff's Fourth Claim.[2]

## **CONCLUSION**

Based on the foregoing, Defendants' motion (Dkt. 15) should be GRANTED, and the Fourth Claim DISMISSED with prejudice.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    January 30, 2020
         Buffalo, New York

---

[2] To clarify, despite the dismissal of Plaintiff's Fourth Claim for intentional infliction of emotional distress under New York common law, Plaintiff's First, Second, and Third Claims, all asserting violations of the Eighth Amendment, continue.

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   January 30, 2020
         Buffalo, New York